```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
KESHAWNA CLINTON,                       :    14cv7737 (DLC)
                         Movant,        :    10cr0034-01 (DLC)
                                        :
            -v-                         :    MEMORANDUM
                                        :    OPINION & ORDER
UNITED STATES OF AMERICA,               :
                                        :
                         Respondent.    :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On September 22, 2014, Keshawna Clinton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2255, seeking to be resentenced. Clinton argues that she was entitled to the safety valve adjustment to her sentencing guidelines range. Clinton will be given an opportunity to explain why her petition should not be denied as untimely.

## BACKGROUND

On October 7, 2010, a jury found Clinton guilty of conspiring to distribute and possess with intent to distribute one or more kilograms of heroin. On January 21, 2011, Clinton was sentenced to the mandatory minimum term of imprisonment of 120 months despite a sentencing guidelines range of 188 to 235 months. Clinton did not appeal her conviction. Therefore, Clinton's time to file a petition for a writ of habeas corpus expired in February of 2012.

Since her conviction, Clinton has filed two other challenges to her conviction.  On November 22, 2011, Clinton requested a reduced sentence pursuant to the Fair Sentencing Act of 2010.  As explained in a January 13, 2012 order, that request was denied since Clinton was convicted for a heroin offense and not a crack offense.

On August 8, 2012, Clinton requested a reduced sentence.  That request to be resentenced was denied by an Order of September 27, 2012.  The Court declined to issue a certificate of appealability, and Clinton did not appeal the decision.

## DISCUSSION

Assuming that this petition should be treated as Clinton's first petition for a writ of habeas corpus, it should be denied as untimely.  AEDPA provides a one-year period of limitations for a federal inmate to file a habeas petition under 28 U.S.C. § 2255, which begins to run from the latest of a number of triggering events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).

The one-year limitations period for § 2255 petitions may be equitably tolled "where the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  The determination that circumstances faced by petitioner were "extraordinary" "depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period." Id. (citation omitted).

Clinton filed this petition on September 22, 2014, well over a year after her conviction became final in January 2011.  Accordingly, it is hereby

ORDERED that Clinton may make a submission by December 1, 2014 explaining why her petition should not be dismissed as untimely.  Failure to file such an explanation will result in dismissal of the petition.

Dated:   New York, New York
         October 30, 2014

_____
         DENISE COTE
   United States District Judge

3